UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on June 6, 2025

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. |
| v. | : MAGISTRATE NO. 25-MJ-205 |
| JAMES FREDRICK MOORE, | : VIOLATIONS: |
| Defendant. | : 18 U.S.C. § 922(g)(1)<br>: (Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year) |
| | : D.C. Code § 22-4503(a)(1)<br>: (Unlawful Possession of a Firearm (Prior Conviction)) |
| | : D.C. Code § 22-4514(a), (c)(1)<br>: (Possession of a Prohibited Weapon (Felony)) |
| | : FORFEITURE:<br>: 18 U.S.C. § 924(d); 21 U.S.C. § 853(p); and 28 U.S.C. § 2461(c) |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

On or about September 3, 2025, within the District of Columbia, **JAMES FREDRICK MOORE**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case No. 2008 CF2 025039, did unlawfully and knowingly receive and possess ammunition, that is, Fiocchi

Munizioni and Norma Precision 9-millimeter ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of 18 U.S.C. § 922(g)(1))

## COUNT TWO

On or about September 3, 2025, within the District of Columbia, **JAMES FREDRICK MOORE**, knowing he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, owned, kept, and had within his possession and control, a firearm.

(**Unlawful Possession of a Firearm (Prior Conviction)**, in violation of D.C. Code § 22-4503(a)(1))

## COUNT THREE

On or about September 3, 2025, within the District of Columbia, **JAMES FREDRICK MOORE**, did unlawfully have in his possession a ghost gun.

(**Possession of a Prohibited Weapon (Felony)**, in violation of D.C. Code § 22-4514(a), (c)(1))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offenses, including but not limited to a Polymer80, model PF9SS, 9-millimeter pistol and Fiocchi Munizioni and Norma Precision 9-millimeter ammunition.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

    (**Criminal Forfeiture**, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c))

JEANINE FERRIS PIRRO  
UNITED STATES ATTORNEY

A TRUE BILL:

By: *Christine M. Macey*  
CHRISTINE M. MACEY  
Assistant United States Attorney

FOREPERSON.